UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SCOTT HEINEMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM H. ALSUP, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-06207-WHO<br><br>**ORDER ON THE MOTIONS TO STAY AND MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 8, 10, 22 |

　　　　Pro se plaintiff Dale Scott Heineman alleges eighty-seven causes of action against the Hon. William H. Alsup, United States Attorney General Merrick Garland, United States Attorney Ismail Ramsey, and Assistant United States Attorneys James E. Keller, David Hall, and Nikhil Bhagat.[1] (Together, "Federal Defendants").  The Federal Defendants are immune from suit, and the law is clear that any amendment would be futile.  Accordingly, I GRANT Federal Defendants' motion to dismiss without leave to amend.  Mr. Heineman's motions to stay are denied as moot.  Dkt. Nos. 8, 22.

**BACKGROUND**

　　　　Mr. Heineman filed a complaint on September 3, 2024, and on the same day filed a document titled "Memorandum of Points and Authorities, Conclusions of Law" in support of his complaint.  *See* Complaint ("Compl.") at Dkt. No. 1, and Memorandum in Support of Complaint at Dkt. No. 2.  Both documents are difficult to understand, replete with nonsensical legal jargon,

---

[1] Federal Rule of Civil Procedure 25(d) automatically substitutes successors of individuals who no longer hold public office, when such individuals are sued in their official capacity.  Because the relief Mr. Heineman seeks is to "void" his criminal conviction and other orders in the suit discussed below, he therefore seeks to sue the above-named individuals in their official capacity. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687–88 (1949).  Pursuant to Fed. R. Civ. P. 25(d), all named public officers no longer holding public office are so substituted.

1  and cite throughout to irrelevant sections of the United States Code and to caselaw that is without
2  authority in this circuit. I construe both documents together as Mr. Heineman's "complaint,"
3  given that the Memorandum is largely duplicative of the contents of the complaint.

4      Mr. Heineman's claims appear to stem from a previous case and related proceedings in
5  front of Judge Alsup.[2] In 2007, a jury convicted Mr. Heineman of one count of conspiracy to
6  commit mail fraud and 34 counts of mail fraud. *See United States v. Heineman*, 05-cr-00611-
7  WHA, 2024 WL 4149749 at *1 (N.D. Cal. Sept. 11, 2024). He was sentenced to 260 months of
8  imprisonment, followed by five years of supervised release. *Id.* In June 2008, Judge Alsup
9  additionally imposed a total restitution of $516, 411.63, and granted Mr. Heineman credit for a
10 $375 payment that Mr. Heineman made while in custody. *Id.*

11     Following his time in custody, Mr. Heineman repeatedly refused to pay any more of his
12 court-ordered restitution. *Id.* at *2. Judge Alsup held an evidentiary hearing on the matter on
13 September 3, 2024. *See* Heineman Criminal Dkt. No. 921. At the evidentiary hearing, Mr.
14 Heineman asserted that he had paid the remainder of the $516, 411.63 owed with a check he had
15 previously mailed to the Clerk's Office. *Heineman*, 2024 WL 4149749 at *2. Judge Alsup
16 determined that the restitution check was fraudulent, and further found that Mr. Heineman was in
17 violation of his probation requirements. *Id.*

18     Judge Alsup held a two-part sentencing hearing on October 22, 2024, and November 13,
19 2024. *See* Heineman Criminal Dkt. Nos. 953, 960. At the November 13, 2024, hearing, Judge
20 Alsup sentenced Mr. Heineman to six months of additional imprisonment, with 54 months of
21 supervised release to follow for Heineman's continued violations. Heineman Criminal Dkt. No.
22 960. Mr. Heineman began his sentence on December 11, 2024. *Id.* As of the date of this order,
23 he remains incarcerated.

24     In his complaint, Mr. Heineman asserts jurisdiction under "sovereign citizen" theories. *See*
25 *Bey v. Gascon*, No. 19-CV-03184-WHO, 2019 WL 5191012 at *5 (N.D. Cal. Oct. 15, 2019)
26 (describing "sovereign citizen" beliefs and explaining that "Courts across the United States have

---

[2] Federal Defendants request that I take judicial notice of Mr. Heineman's related legal proceedings. Motion to Dismiss ("Mot.") [Dkt. No. 10] 3. The request is GRANTED.

uniformly rejected arguments based on [such] theories . . . as frivolous, irrational, and unintelligible")(cleaned up); Compl. 5–7. Mr. Heineman includes a variety of allegations in his complaint that I will not attempt to reproduce in full here.[3] *See generally* Compl. In brief, he alleges that Judge Alsup violated his due process rights in denying his motion to void the criminal case. Compl. 1–2. Mr. Heineman additionally takes issue with several verbal exchanges at the October 22, 2024, hearing.[4] *See* Oppo. 5–7. And, as to the other Federal Defendants, Mr. Heineman alleges that they (1) failed to produce "material evidence from the grand jury and petit jury;" (2) switched victims presented to the grand jury for indictment; and (3) failed to produce a victim impact statement at the time of indictment. Compl. 2–4. He contends that the Northern District of California lacked jurisdiction over him in the first instance, and that the proceedings against him were therefore void. Compl. 46–47; Oppo. 2.

The Federal Defendants filed their motion to dismiss on November 04, 2024. Mot. [Dkt. No. 10]. Mr. Heineman responded. Oppo. [Dkt. No. 14]. The Federal Defendants replied. Reply in Support of the Motion to Dismiss ("Repl.") [Dkt. No. 15]. Pursuant to Civil Local Rule 7-1(b), I determined the motion was suitable for decision without a hearing.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[3] As I mentioned, the complaint includes eighty-seven counts, which range in content but include Mr. Heineman's issues with procedural, jurisdictional, evidentiary, and sentencing aspects of his criminal case. *See* Compl. 10–46. Mr. Heineman also seemingly asserts causes of action under the Americans with Disabilities Act, the Speedy Trial Act, and the Uniform Commercial Code. Compl. 17, 27; Opposition to the Motion to Dismiss ("Oppo.") [Dkt. No. 14] 10–12.

[4] I note that Mr. Heineman raises issues in opposition that go beyond the scope of his complaint, as the complaint was filed in September 2024.

3

While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Dismissal is warranted when a plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[P]articularly in civil rights cases," the court has an obligation "to construe the pleadings liberally and to afford the [pro se plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

## DISCUSSION

### I. The Claims Against a District Court Judge are Barred by Judicial Immunity

"Judges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (Ninth Cir. 1987). And, "[t]he judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Id.* at 1394.

Judicial immunity may be overcome in two instances: (1) When a judge takes action outside of the judge's judicial capacity; or (2) When a judge lacks all jurisdiction. *See Forrester v.*

*White*, 484 U.S. 219, 225–29 (1988), *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Here, Mr. Heineman does not contest that Judge Alsup acted within his judicial capacity during Mr. Heineman's criminal proceedings, but asserts that Judge Alsup lacked jurisdiction over him and therefore any claim to judicial immunity is inapplicable. Oppo. 5–9.

To support his jurisdictional arguments, Mr. Heineman relies on "sovereign citizen" theories and an incorrect understanding of jurisdictional requirements. Mr. Heineman rejects the notion that his arguments sound in "sovereign citizen" theories, but this rejection defies reality. *See* Oppo. 4 ("There is no such animal as a "Sovereign Citizen" as this is an oxymoron."). For example, Mr. Heineman states that he is "one of the 'We-the-People,' the real-party-in-interest" and that "[i]n America . . . [s]overeignty was, and is, in the People." Oppo. 1, 4. Further, his complaint is replete with similar language and assertions that the court lacks jurisdiction over him because of his status as "one of the We-the-People." *See* Compl.; *see also* Dkt. 2 at 57–64 (raising breach of contract arguments concerning Judge Alsup's alleged "fiduciary obligation" to Mr. Heineman). I have previously rejected similar arguments, joining every court that has addressed "sovereign citizenry" in acknowledging the frivolousness of these arguments. *See Bey*, 2019 WL 5191012 at *5. I do so again here.

Further, even without Mr. Heineman's "sovereign citizen" framing, he appears to lack understanding concerning how and when a federal court may exert jurisdiction over an individual. As is relevant here, personal jurisdiction over a defendant is obtained when that defendant is brought before the court on a federal indictment charging a violation of federal law. *See United States v. Marks*, 530 F.3d 799, 810–11 (9th Cir. 2008). Judge Alsup had personal jurisdiction over Mr. Heineman at the start of Mr. Heineman's criminal case, and at every subsequent hearing thereafter. That Mr. Heineman takes issue with the state of the law surrounding jurisdiction is irrelevant. Judge Alsup (1) took action within his judicial capacity and (2) has maintained jurisdiction over Mr. Heineman and his criminal matter throughout the pendency of the case. Judge Alsup's judicial immunity is therefore preserved.

As a part of extending judicial immunity to encompass claims for equitable relief, the Court in *Mullis* reasoned that "[s]hould a federal judge or other federal official performing a

judicial or quasi-judicial act violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals . . . ." *Id.* Mr. Heineman, having expressed disagreement with Judge Alsup's decisions in his criminal case, has taken several unsuccessful appeals of his criminal case. *See, e.g.*, Heineman Criminal Docket Nos. 416, 473, 622, 733, 805, 919, 936, 950, and 965. When a litigant fails on appeal, that does not allow him the opportunity to re-litigate a case in the originating court.[5] Mr. Heineman's claims against Judge Alsup are frivolous and are dismissed with prejudice.

## II. The Claims Against the Attorney General and District Attorneys are Barred by Prosecutorial Immunity

Mr. Heineman also brings barred claims against the Attorney General of the United States, the United States Attorney for the Northern District of California, and several Assistant United States Attorneys. "Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities." *Olsen v. Idaho State Bd. Of Medicine*, 363 F.3d 816, 922 (9th Cir. 2004). A prosecutor "has absolute immunity for the decision to prosecute." *Roe v. City and County of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997). This includes actions as they relate to securing a grand jury indictment, an information, and a warrant for arrest. *See Milstein v. Cooley*, 257 F.3d 1004, 1011–13 (9th Cir. 2001). "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Olsen*, 363 F.3d at 922 (internal quotation marks and citation omitted).

Mr. Heineman appears to bring claims against the Federal Defendants for the method by which they conducted grand jury proceedings. Compl. 2–3. This clearly falls within the scope of

---

[5] Mr. Heineman has filed several letters to the court, asserting that I also lack jurisdiction over this case. *See* Dkt. Nos.7, 13. He seeks to "appoint" judges currently sitting on the Ninth Circuit. I remind Mr. Heineman that he chose to file this case in the Northern District of California, and, consistent with the rules of the district, the case was randomly assigned to me. Civil Local Rule 3-3(a). Mr. Heineman presents no legal authority, and there is none, to support his notion that individuals may choose their judges at all in federal court, let alone that they may choose judges not sitting on the court in which a plaintiff files a case.

prosecutorial immunity, and Mr. Heineman does not argue otherwise. *See* Oppo. Mr. Heineman's claims against the Federal Defendants are dismissed with prejudice.[6]

## CONCLUSION

Federal Defendants' motion to dismiss the claims asserted against them is GRANTED and the complaint is DISMISSED WITH PREJUDICE. Judgment shall be entered in accordance with this Order.[7]

**IT IS SO ORDERED.**

Dated: March 5, 2025



William H. Orrick
United States District Judge

---

[6] The Federal Defendants also point to their lack of waiver of sovereign immunity and Mr. Heineman's "sovereign citizen" assertions as additional reasons to dismiss under Fed. R. Civ. P. 12(b)(6). I agree with the Federal Defendants but base this Order on the immunities described above.

[7] A final note. On January 6, 2025, an individual alleging to be "Michael Howard Reed" filed a second motion to stay the case on Mr. Heineman's behalf—purportedly acting as Mr. Heineman's counsel. Dkt. No. 22. On January 29, 2025, Federal Defendants relayed to the court that Mr. Reed denies representing Mr. Heineman in this case. Dkt. No. 31. To the extent that this is another attempt by Mr. Heineman to deceive the court, I remind him that in the civil context it is well within the power of the court to issue sanctions for such behavior. *See* Fed. R. Civ. P. 11(b), (c).